**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| EMIGDIO RUIZ, on Behalf of Himself and on Behalf of All Others Similarly Situated <br><br> Plaintiff, <br><br> V. <br><br> CHUY'S OPCO, INC. and CHUY'S HOLDINGS, INC. <br><br> Defendants. | § § § § § § § § § § § § § § § CIVIL ACTION NO. 1:21-cv-696 <br><br><br> JURY TRIAL DEMANDED |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT & JURY DEMAND**

1. Defendants Chuy's Opco, Inc. and Chuy's Holdings, Inc. ("Defendants") required Plaintiff Emigdio Ruiz ("Plaintiff") to work more than forty hours in a workweek without overtime pay. Unfortunately, Defendants misclassified Plaintiff as exempt from overtime under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* and denied him pay at the rate of time and one half his regular rate of pay when he worked more than 40 hours in a workweek. In addition to the Plaintiff, Defendants have misclassified hundreds of other workers as exempt from overtime.

2. Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rate. *See* 29 U.S.C. § 207(a). On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to hereinafter as the "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Western District of Texas because a substantial portion of the events forming the basis of this suit occurred in this District. In particular, Defendants maintain their headquarters in this District and the decision to pay the Plaintiff and the Class Members in the illegal manner described in this Complaint was made in this District.

## PARTIES AND PERSONAL JURISDICTION

5. Plaintiff Emigdio Ruiz is an individual residing in Arlington, Texas. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

6. The "Class Members" are all current and former kitchen managers, assistant kitchen managers, and front of the house managers paid a salary without overtime pay at any time during the three-year period before the filing of this Complaint.

7. Defendant Chuy's Opco, Inc. is a foreign corporation doing business in Texas. Said Defendant may be served process through its registered agent the Corporation Service Company at 211 E. 7th Street, Suite 620, Austin TX 78701.

8. Defendant Chuy's Holdings, Inc. is a foreign corporation doing business in Texas. Said Defendant may be served process through its registered agent the Corporation Service Company at 211 E. 7th Street, Suite 620, Austin TX 78701.

9. This Court has personal jurisdiction over Defendants because they have purposefully availed themselves of the privileges of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction. Defendants do business in Texas, advertises in Texas, markets to Texas consumers, and the decision to pay Plaintiff in the illegal

manner described in this Complaint was made in Texas. Therefore, the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Defendants also had and continue to have continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over it. Defendants maintain their headquarters in Austin, Texas, thereby conferring jurisdiction over Defendants.

## COVERAGE

10. At all material times, Defendants have been employers within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

11. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

12. At all material times, Defendants have been an enterprise or enterprises in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

13. Furthermore, Defendants have an annual gross business volume of not less than $500,000.

14. At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

15. Defendants are joint employers and operate as a single enterprise. Defendants shared the ability to directly and immediately control the essential terms and conditions of employment, such as hiring, firing, discipline, and supervision. Defendants jointly exercised

managerial responsibility and substantial control over the Plaintiff and Class Members. Defendants jointly controlled the terns and conditions of employment, work schedules, and set and determined the rates of pay for the Plaintiff and Class Members. They also were jointly responsible for making the decision to deny the Plaintiff and Class Members overtime wages.

16.     Moreover, Defendants share some of the same officers and directors. They also share the same corporate office and have the same accounting and payroll operations. Additionally, they share control over hiring, firing, payroll, and overhead decisions. Moreover, the operations of the companies are inter-mingled. That is, they employ the same workers and have the same business purpose - to operate restaurants under the name "Chuy's."

17.     Furthermore, Defendants represent themselves to the general public as one company. They have a common management, pool their resources, and have common ownership. Defendants advertised together on the same website, provides the same array of services to their customers, and use the same business model. The website where Defendants' advertise is www.chuys.com.

18.     Based upon these facts, at all material times, Defendants have also operated as a "single enterprise" within the meaning of 3(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose. *See Brennan v. Arnheim and Neely, Inc.*, 410 U.S. 512, 515 (1973); *Reich v. Bay, Inc.*, 23 F.3d 110, 113 (5th Cir. 1994). Additionally, based upon these facts, Defendants are joint employers and are jointly and severally liable for all wage and hour compliance, including payment of overtime and minimum wage compensation for all hours worked during the workweek. *See* 29 C.F.R. § 791.2(a); *Schultz v. Capital International Security, Inc.*, 466 F.3d 298, 306 (4th Cir. 2006).

## FACTUAL ALLEGATIONS

19. Defendants operate a nationwide chain of Tex-Mex restaurants known as "Chuy's." Defendants operate Chuy's restaurants in Alabama, Arkansas, Colorado, Florida, Illinois, Indiana, Kansas, Kentucky, Louisiana, Maryland, Missouri, North Carolina, Ohio, Oklahoma, South Carolina, Tennessee, Texas, and Virginia.

20. At each of the Chuy's restaurants, Defendants employ servers, cooks, and managers.

21. The hierarchy in the Chuy's restaurants consists of a general manager, who oversees the entire operation of the restaurant, and several employees who are given the title "manager" but work underneath the general manager.

22. In particular, directly underneath the general manager is the "first assistant manager."

23. Underneath the first assistant manager are the kitchen manager and the front of the house manager.

24. Underneath the kitchen manager is an "assistant kitchen manager."

25. The kitchen manager, front of the house manager, and assistant kitchen manager (collectively referred to as "Chuy's Assistant Managers") are not exempt from overtime. Although they are given the title "manager," their job duties do not satisfy any exemption from overtime.

26. The primary duty of the Chuy's Assistant Managers is not to manage the restaurant, the kitchen, or the waitstaff. Instead, their primary duty of the Chuy's Assistant Mangers is to perform manual labor tasks involved in serving and providing food to customers.

27. The primary duty of the Chuy's Assistant Managers is not to direct the work of two or more full time employees. That responsibility is with the general manager.

28. The Chuy's Assistant Managers do not have hiring or firing authority and their suggestions, if any, with respect to hiring, firing, or the advancement/promotion of other employees is not given any particular weight.

29. The Chuy's Assistant Managers do not set or adjust rates of pay.

30. The Chuy's Assistant Managers do not make any hiring or firing decisions.

31. The Chuy's Assistant Managers regularly work more than 40 hours each week.

32. Despite these facts, the Chuy's Assistant Managers are classified as exempt from overtime and do not receive any additional wages when they work more than 40 hours in a week.

33. Plaintiff worked for Defendants as an assistant kitchen manager. Plaintiff worked for Defendants from July 2019 to May 2021. He worked at the Chuy's restaurants in Fort Worth, Texas and Dallas, Texas.

34. Plaintiff regularly worked more than 40 hours in a week. In fact, Plaintiff worked at least 10 hours each day during the majority of the days that he worked for the Defendants. Plaintiff normally worked five days per week. At times, Plaintiff worked six days or seven days in a week. As a result, Plaintiff frequently worked in excess of 40 hours per week.

35. However, Plaintiff was classified as exempt from overtime and thus was not paid overtime at the rate of time and one half his regular rate of pay when he worked more than 40 hours in a workweek.

36. Plaintiff was not exempt from overtime. Like the other Chuy's Assistant Managers, Plaintiff's primary duty was to perform manual labor tasks.

37. On a typical shift, Plaintiff spent the majority of the time doing prep work in the kitchen. This involved cutting tomatoes, cheese, onions, cilantro, and jalapenos. It also involved making Tex-Mex food items such as salsa, pico de gallo, and other items.

38. On a typical shift, Plaintiff spent hours cleaning the kitchen, which involved wiping counters and trays, cleaning dishes and pans, and washing utensils.

39. Plaintiff would also spend a significant portion of his day cooking. For example, if Plaintiff worked during lunch periods, he would be required to work the cooking line along with the hourly paid cooks.

40. Plaintiff and the Class Members were not exempt under the FLSA.

41. The primary duty of Plaintiff and the Class Members was not to supervise other employees or manage a customarily recognized department of Defendants' company.

42. Plaintiff and the Class Members had no authority to hire or fire other employees.

43. Plaintiff and the Class Members had no authority or input regarding promoting or demoting other employees.

44. Plaintiff and the Class Members had no authority to set or adjust the rates of pay of other employees.

45. Plaintiff and the Class Members were required to follow the directions of the employees giving them assignments.

46. Plaintiff and the Class Members were not office or "white collar" employees. They performed manual labor work related to Defendants' core business—i.e. restaurant services—not the management of Defendants' operations.

47. The primary duty of Plaintiff and the Class Members did not require independent judgment and discretion with respect to matters of significance.

48. The primary duty of Plaintiff and the Class Members was related directly to the service that Defendants offered, not the management of the company's operations.

49. Despite these facts, Defendants classified the Plaintiff and the Class Members as exempt from overtime pay.

50. Defendants knew or showed reckless disregard for whether Plaintiff and the Class Members were entitled to overtime pay under the law. In particular, Defendants operate a large, sophisticated company that knew about the requirement to pay overtime wages. The failure on Defendants' part to pay overtime was intentional or a reckless disregard for the law.

## **VIOLATION OF 29 U.S.C. § 207**

51. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

52. Defendants' practice of failing to pay Plaintiff and the Class Members time-and-a-half for all hours worked in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

53. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendants or Plaintiff/Class Members.

## **COLLECTIVE ACTION ALLEGATIONS**

54. Plaintiff incorporates by reference the allegations in the preceding paragraphs.

55. As part of their regular business practices, Defendants have engaged in a pattern, practice, or policy of violating the FLSA on a class wide basis, as described above.

56. Plaintiff has actual knowledge that the Class Members have also been denied overtime pay for hours worked over forty (40) hours in a workweek as a result of Defendants' misclassification of their employees.

57. Plaintiff's knowledge is based on his personal work experience and through communications with other workers of Defendants. Plaintiff personally worked with other employees who were also classified as exempt from overtime.

58. Other workers similarly situated to the Plaintiff worked for Defendants throughout the United States, but were not paid overtime at the rate of one and one-half their regular rates of pay when those hours exceeded forty (40) hours in a workweek.

59. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours in a workweek, Defendants denied them full compensation for their hours worked over forty (40).

60. The Class Members perform or have performed the same or similar work as Plaintiff and were not paid overtime by Defendants.

61. The Class Members are not exempt from receiving overtime pay under the FLSA.

62. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

63. Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of any FLSA Class Member.

64. The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the Class Members.

65. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

66. All Class Members, irrespective of their particular job requirements or job title are entitled to overtime compensation for hours worked in excess of forty (40) in a workweek.

67. Although the exact amount of damages may vary among the Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all FLA Class Members.

68. As such, the class of similarly situated Plaintiff for the FLSA Class is properly defined as follows:

> **All current and former Chuy's Assistant Managers who were classified as exempt for at least one week at any time during the three-year period before the filing of this Complaint.**

## DAMAGES SOUGHT

69. The Plaintiff and Class Members are entitled to recover their unpaid overtime compensation and liquidated damages.

70. The Plaintiff and Class Members are entitled to recover their attorney's fees, costs, and interest.

## JURY DEMAND

71. The Plaintiff and all Class Members hereby demand trial by jury on all issues.

## PRAYER

72. For these reasons, Plaintiff and all Class Members respectfully request that judgment be entered in their favor awarding the following relief:

   a. An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all Class Members to permit them join this action by filing a written notice of consent;

   b. A judgment against Defendants awarding Plaintiff and the Class Members all their unpaid overtime compensation and liquidated damages;

   c. An order awarding attorneys' fees, costs, and expenses as allowed under the FLSA;

   d. Pre- and post-judgment interest at the highest applicable rates; and

    e.  Such other and further relief as may be necessary and appropriate.

                             Respectfully submitted,

                             HODGES & FOTY, L.L.P.

                         By:  /s/ Don J. Foty
                              Don J. Foty
                              dfoty@hftrialfirm.com
                              Texas State Bar No. 24050022
                              4409 Montrose Blvd, Ste. 200
                              Houston, TX 77006
                              Telephone: (713) 523-0001
                              Facsimile: (713) 523-1116

                        Attorney for Plaintiff and Class Members